STATE
*v.*
FOTER.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

## A. THOMPSON *v.* E. CHAPMAN.

| | |
|---|---|
| 7 | 257 |
| 44 | 22 |
| 7 | 257 |
| 46 | 1179 |
| 7 | 257 |
| 47 | 279 |
| 7 | 257 |
| 48 | 802 |

Where an appeal has been granted, on motion in open court, at the same term at which the judgment was rendered, no citation of appeal is necessary.

Where the clerk's certificate is defective, and no fault can be imputed to the appellant, the Supreme Court will, on affidavit, grant time to correct the certificate.

That portion of the statute of 1840, abolishing imprisonment for debt, which subjects the defendant to imprisonment for giving an unjust preference, only until he pays the debt, par. takes of a civil character. It merely excepts that case from the law to abolish imprisonment for debt, and, as to it, still allows imprisonment as a civil remedy.

The petition charged that the plaintiff sold and delivered property to the defendant for cash, and that defendant removed, disposed of, or concealed, or covered the same in such a manner, that plaintiff could not render said property liable for the price. It prayed, also, for his arrest and punishment. The jury gave judgment for the sum claimed, but dismissed the charge of fraud. By the court: This is a civil remedy, of such a highly penal character that we should never feel authorized to convict the debtor of the fraud, and punish him with imprisonment, which might extend to three years, without the verdict of a jury. And, although we would remand the cause for a new trial, if any errors of law had occurred in the progress of the trial, we are unable to do so for differing with the jury as to the effect of the evidence alone.

APPEAL from the First District Court of New Orleans, *Larue*, J. *Frank Haynes* and *Randal Hunt*, for plaintiff. *J. R. Grymes* and *J. M. Wolfe*, for defendant. On motion to dismiss the appeal. By the court:

PRESTON, J. A motion has been made to dismiss this appeal, on the ground that no citation of appeal issued in the case, to the appellee, notifying him of the appeal granted. It was not necessary. The appeal was granted on motion, in open court, at the same term at which the judgment was rendered. Acts of 22d March, 1843, p. 40.

The appellee moves for the dismissal of the appeal, on the further ground, that the certificate of the clerk of the district court does not show that the record contains all the evidence, and is a complete record. The counsel of the appellant makes affidavit, that the record contains all the evidence offered by the parties on the trial of the cause, and states that the defect in the clerk's certificate was discovered only when the cause was called for trial and the motion to dismiss the appeal was made.

The act of the 20th of March, 1839, provides, that no appeal shall be dismissed on account of any defect or error in the certificate of the clerk, whenever it shall appear that such defect or error is not imputed to the appellant. B. and C., p. 181. The act embraces the present case.

THOMPSON
*v.*
CHAPMAN.

The counsel of the appellant, on his affidavit and statement, applies for time to have the clerk's certificate corrected. He is entitled to it, by the act just cited, as well as by the 898th article of the Code of Practice. Let him have until Monday next, to have the certificate corrected.

It is therefore ordered, adjudged and decreed, that the plaintiff and appellant have until Monday next, to have the clerk's certificate of the lower court corrected.

---

## SAME CASE—ON THE MERITS.

By the court:

PRESTON, J. The plaintiff sold the defendant a quantity of oats, sued and obtained judgment for the price, notwithstanding various defences by the defendant.

But the plaintiff further alledged, "that after said *Chapman* had obtained the delivery of said sacks of oats, said *Chapman* removed and disposed of to individuals, and concealed or covered the same in such a manner that your petitioner cannot make or render said sacks of oats liable for the same, thereby rendering said *Chapman* liable to the pains and penalties of the act of 1840, to abolish imprisonment for debt."

"Your petitioner prays, in consideration of his affidavit and premises, that said *Chapman* be arrested and punished according to law."

The 10th section prescribes: "That if a debtor, who has not voluntarily surrendered his property to his creditors, or has not been proceeded against for a surrender, under the provisions of this act, shall, in violation of any existing law, have, within the year, given an unjust advantage or preference to any one or more of his creditors, by payment or otherwise, or shall have anticipated the payment or provided for the payment of a debt not due, the effect whereof shall be to injure the complaining creditor; or shall purchase property for cash, the delivery whereof shall be made to him, and then shall sell or dispose of the same without paying his vendor, or shall remove the same beyond the reach of such vendor, or shall conceal or cover the same in any manner so that his vendor cannot render the same liable, (or shall fail to pay over money received or collected for or deposited with him for another,) or shall have made a conveyance, or transfer, or mortgages, or pledge of his property, to the prejudice of the complaining creditor; any of such facts shall be held presumptive evidence of fraud, liable, however, like all other presumptions, to be disproved."

The 13th section provides, "That when the causes mentioned in the tenth and eleventh sections of this act shall be tried, if the jury or court, as the case may be, shall be satisfied that the defendant has been guilty of defrauding the complaining creditor, the court shall condemn the defendant to be imprisoned for a period not exceeding three years; and if it shall appear that the defendant has only been guilty of conferring an unjust preference or advantage upon another *bonâ fide* creditor, whose demand was actually due, such defendant may be relieved from the imprisonment, by paying the complaining creditor, or repairing the injury or fraud complained of; and in case the jury or court, as the case may be, shall find the charges against the debtor unfounded, and that the creditor has proceeded without reasonable ground of suspicion, they may impose such damages against the party complaining as may be reasonable and just."

That portion of the statute which subjects the defendant to imprisonment for giving an unjust preference, only until he pays the debt, partakes of a civil character. It merely excepts that case from the law to abolish imprisonment for debt, and, as to it, still allows imprisonment as a civil remedy. And the punishment of the fraud charged in this petition, has been held by this court, and also by our predecessors, to be a civil remedy. 4 Ann. 346. 15 L. R. Yet it is to be considered, that the punishment to be inflicted, if the accused is found guilty, may extend to three years' imprisonment.

We can only regard this part of the statute as a civil remedy, by supposing it the intention of the Legislature, though not expressed, that the imprisonment should terminate on payment of the whole debt and costs. But, even in this point of view, it is a civil remedy of such a highly penal charcter that we should never feel authorized to convict the debtor of the fraud, and punish him with an imprisonment, which might extend to three years, without the verdict of a jury. And, although we would .remand the cause for a new trial, if any errors of law had occurred in the progress of the trial, we are unable to do so for differing with the jury as to the effect of the evidence alone. Such. a course would trench too much upon the humane principle, that no man should be tried twice for the same offence, having been acquitted after a fair trial of the facts charged, by a jury of his country. And we the more readily come to this conclusion, as the plaintiff still has all the civil remedies to which other creditors are entitled.

The judgment of the district court is affirmed, with costs.

Application for a re-hearing refused.